UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TINA TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-190 |
| | § | |
| WAL-MART STORES, INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

### I.

Before the Court is the plaintiff, Tina Turner's motion to determine nonparty A/RNet's interest in the settlement proceeds acquired in this suit, wherein Tina Turner is the plaintiff and Wal-Mart Supercenter, Inc., is the defendant.  By this motion, the plaintiff also seeks to have the settlement funds held by Wal-Mart distributed and Wal-Mart released from further liability concerning the plaintiff and her healthcare provider. The Court received the response of A/RNet as well as the arguments of counsel or A/RNet and counsel for the parties to the suit and determines that the relief sought by the plaintiff should be denied without prejudice.

### II.

The plaintiff was the subject of a slip and fall accident at the Alvin Wal-Mart store on or about August 30, 2009.  As a result, the plaintiff suffered severe injuries to her body and neck that required emergency treatment, surgery and long-term treatment resulting in substantial medical bills.  Because the plaintiff did not have medical insurance and could not afford the expenses of the necessary surgery, the plaintiff and her

counsel consulted with A/RNet concerning funding for the plaintiff's surgery with the understanding that plaintiff would reimburse A/RNet the full amount of the funding for the surgery.  Pursuant to a contract for reimbursement, executed by the plaintiff and her attorney on September 24, 2010, A/RNet "insured" the surgery and, through the settlement on August 19, 2011, paid $72,189.53 in total payments to medical care providers.  Generally, it is undisputed that the medical services costs provided to the plaintiff are $212,398.73.

III.

A/RNet asserts that until the case was settled, the plaintiff and her attorney understood and communicated to A/RNet that "A/Rnet [would be paid] the full amount of the medical services [that] plaintiff was charged by the medical providers with whom A/RNet had contractual relationships."  In support of this assertion, A/RNet points to the contractual agreement between itself the plaintiff and the Hagood Firm and a subsequent "side letter" agreement between A/RNet and the Hagood Firm.

In addition to the substantive arguments that center around the terms of the agreement(s), A/RNet asserts that:  (1) it is not a party to this suit, has not been properly served; therefore, the Court is without authority to adjudicate its rights; (b) the plaintiff's motion violates the forum selection clause in the side letter; and (c) the plaintiff's motion is not the proper "procedural device" to adjudicate the dispute between A/RNet and the plaintiff and the Hagood Firm.  Therefore, any order directing A/RNet to do anything would be void.

IV.

In spite of the plaintiff's counsel's protestation, A/RNet and the contract dispute between the A/Rnet and counsel are beyond the authority and jurisdiction of this Court. A/Rnet is not a party to the plaintiff's suit and hence the Court is without authority to adjudicate the dispute. Therefore, the plaintiff's motion to determine the rights of A/RNet to the settlement proceeds is DENIED without prejudice. The motion of A/RNet to dismiss the plaintiff's motion is rendered moot.

It is so Ordered.

SIGNED at Houston, Texas this 27th day of September, 2011.

Kenneth M. Hoyt
United States District Judge